UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60681-CIV-COHN

DEBORAH NEVILLES,

Magistrate Judge Snow

    Plaintiff,

v.

CITIGROUP, INC., d/b/a CITIBANK,

    Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

THIS CAUSE is before the Court upon the Plaintiff's Motion to Dismiss Defendant's Counterclaim [DE 4] and response thereto.  A reply was due by June 8, 2007, but non was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiff filed this action against Citibank in state court for violations of the Fair Credit Billing Act.  Defendant Citibank filed an Answer and Counterclaim [DE 3].  The single counterclaim is for open account.  Plaintiff has moved to dismiss the counterclaim for failure to allege jurisdiction and for failure to state a claim.[1]  Defendant opposes the motion.

The Court has jurisdiction over this action pursuant to its federal question jurisdiction as the Plaintiff's claim arises under federal law.  For this reason, Defendant need not allege a statement of the jurisdictional grounds for its counterclaim.  Fed. R.

---

[1] Within its motion to dismiss, Plaintiff also seeks leave of court to amend its complaint.  As this request was not made in a properly filed motion, the Court denies the request at this time.

Civ. P. 8(a).  As for the claim of open account, in commercial transactions, "an 'open account' should refer to an unsettled debt, arising from items of work or labor, goods sold and other open transactions not reduced to writing, the sole record of which is usually the account books of the owner of the demand.  It should not include express contracts or other obligations that have been reduced to writing."  H & H Design Builders, Inc. v. Travelers' Indem. Co., 639 So.2d 697, 700 (Fla. Dist. Ct. App. 1994).  Applying this standard to this case, as Plaintiff herself argues, any cardholder agreement is not a contract absent use of the credit card.  In this case, though Plaintiff disputes use of the credit card, whether or not a contract exists, there is a valid claim of open account, assuming Defendant has included the proper statement for the claim.

Defendant's counterclaim references an account attached as "Composite Exhibit A."  The Counterclaim notes that the exhibit is being compiled and will be filed upon completion.  Over forty days have now elapsed, and the statement of account upon which the counterclaim is based is not in the record of this case.[2]  The Court therefore has little choice but to grant Plaintiff's motion, on the grounds that Composite Exhibit A was never filed.

The motion is therefore granted, but without prejudice to Citibank to refile its counterclaim with supporting documentation.  The Court cautions Defendant, however, to be mindful of this Court's CM/ECF Administrative Procedures, Section 6, regarding the

---

[2] The statements must have been available to Plaintiff's counsel, as her argument is not based upon the missing exhibit, but rather on the sufficiency of the counterclaim.  The Court finds that the counterclaim would otherwise be allowed to proceed, if a statement of the account sued upon had been attached.

attorney's duty to comply with the Privacy Policy regarding personal identifiers. Credit card account numbers would be considered such identifiers.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim [DE 4] is therefore **GRANTED**, without prejudice to Citibank to refile its counterclaim with supporting open account information.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of June, 2007.

JAMES I. COHN
United States District Judge

copies to:

Laura Hess, Esq.
Louis Ursini, III, Esq.